IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRELL BENFORD,<br>    Petitioner, | )<br>)<br>)  Civil Action No. 18-271 Erie |
| v. | )<br>)<br>)  Judge Susan Paradise Baxter |
| MARK K. WILLIAMS,<br>    Respondent. | )<br>) |

## **MEMORANDUM**[1]

Pending before the Court is the petition for a writ of habeas corpus filed by federal prisoner Jerrell Benford ("Petitioner"). For the reasons that follow, the Court will dismiss the petition.

### I.

**A.    Relevant Background**

Petitioner is a federal inmate who is incarcerated at the Federal Correctional Institution McKean ("FCI McKean"), which is located within the territorial boundaries of this Court. He is serving 360-month term of imprisonment imposed in 2007 by United States District Court for the Northern District of Illinois (the "sentencing court").

On September 5, 2018, Petitioner instituted this action by filing a petition for a writ of habeas corpus in the Supreme Court of Pennsylvania. He named as Respondent the warden of FCI McKean, and seeks a court order directing the Respondent to immediately release him. He asserts that he has been illegally and unconstitutionally detained by the United States. More specifically, he claims that his conviction and imprisonment violate: a) the Thirteenth Amendment's prohibition against slavery and involuntary servitude; b) Article I, Section 8, Clause 17, and Article IV, Section 3, Clause 2, concerning

---

[1]    On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was reassigned to this Court's docket on September 21, 2018.

Congress's "power…to dispose of and make needful rules and regulations respecting the territory or other property belonging to the United States"; c) Article I, Section 8, Clause 2; d) Article IV, Section 3, Clause 2; and e) Article VI.

Petitioner is one of a number of prisoners incarcerated at FCI McKean who filed the same or similar petition for a writ of habeas corpus with the Supreme Court of Pennsylvania. On September 14, 2018, Respondent timely removed the action to this Court pursuant to 28 U.S.C. §§ 1442 and 1446. Petitioner objected to the removal (ECF No. 6), but the Court will not remand it because the Supreme Court of Pennsylvania does not have jurisdiction to consider a petition for a writ of habeas corpus filed by a federal prisoner. 17A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, ET AL., FEDERAL PRACTICE AND PROCEDURE § 4213 (3d ed.), Westlaw (databased updated Nov. 2018) ("it is now…clear that a state court cannot grant habeas corpus for the discharge of a person held in federal custody….[I]n 1872,…it was finally established that the state courts have no authority whatever to challenge, by habeas corpus, the legality of federal executive or judicial action holding a person in custody.") (citing Tarble's Case, 13 Wall. 397, 20 L.Ed. 597 (1872); Ableman v. Booth, 21 How. 506, 16 L.Ed. 169 (1859)).

In his answer (ECF No. 5), Respondent asserts that the petition for a writ of habeas corpus must be dismissed. Petitioner did not file a reply.

**B.     Discussion**

For federal prisoners, "[t]he 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010); see e.g., Cardona v. Bledsoe, 681 F.3d 533, 535-38 (3d Cir. 2012). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Cardona, 681 F.3d at 535. Section 2255 motions must be filed in the federal district court that imposed the conviction and sentence the

2

prisoner is challenging. 28 U.SC. § 2255(a). In contrast, a habeas corpus action pursuant to § 2241 must be brought in the custodial court (the federal district court in the district the prisoner is incarcerated). Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017).[2]

Importantly, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As the United States Court of Appeals for the Third Circuit explained in Bruce v. Warden Lewisburg USP, 868 F.3d 170 (3d Cir. 2017), prior to § 2255's enactment, federal prisoners seeking habeas relief could only do so by filing a petition under § 2241 in the federal district court in the district the prisoner was incarcerated. 868 F.3d at 178. "An increase in the number of federal habeas petitions produced serious administrative problems and overburdened the few district courts in the jurisdictions with major federal prisons." Id. (citing United States v. Hayman, 342 U.S. 205, 210-19 (1952)). To alleviate that burden, Congress in 1948 enacted § 2255:

> A new remedial mechanism, § 2255 "replaced traditional habeas corpus for federal prisoners (at least in the first instance) with a process that allowed the prisoner to file a motion with the sentencing court on the ground that his sentence was, *inter alia*, imposed in violation of the Constitution or laws of the United States." Boumediene v. Bush, 553 U.S. 723, 774, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008) (internal quotation marks omitted). The statute's "sole purpose was to minimize the difficulties encountered in habeas corpus

---

[2] Section 2241 petitions must be filed in the federal district court in the district the prisoner is incarcerated because:

> [t]he prisoner must direct his [§ 2241] petition to "the person who has custody over him." § 2242; see also Wales v. Whitney, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885); Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Longstanding practice under this immediate custodian rule 'confirms that in habeas challenges to present physical confinement...the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." Rumsfeld v. Padilla, 542 U.S. 426, 435, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). And under the statute's jurisdiction of confinement rule, district courts may only grant habeas relief against custodians "within their respective jurisdictions." § 2241(a); see also Braden, 410 U.S. at 495, 93 S.Ct. 1123 ("[T]he language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian.").

Bruce, 868 F.3d at 178.

3

> hearings by affording the same rights in another and more convenient forum." Hayman, 342 U.S. at 219, 72 S.Ct. 263; see also Hill v. United States, 368 U.S. 424, 427, 428 n.5, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (describing the § 2255 remedy as "exactly commensurate" with § 2241's writ of habeas corpus); United States v. Anselmi, 207 F.2d 312, 314 (3d Cir. 1953).
>
> So it is that a federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255.

Id. Therefore, except in very limited circumstances discussed below, federal prisoners cannot challenge the validity of their convictions or sentences in a § 2241 habeas petition. 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 248-52 (3d Cir. 1997); Bruce, 868 F.3d at 178-80.

The Court of Appeals has explained that "§ 2241 confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but *the execution of his sentence*." Cardona, 681 F.3d at 535 (internal quotations and citations omitted) (emphasis added); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005) (defining "execution of" the sentence to mean "'put into effect' or carry out.'"). This means that a federal prisoner may litigate in a § 2241 habeas proceeding two types of claims.

The first type of claim is one that challenges conduct by the BOP that affects the duration of the prisoner's custody. For example, a prisoner can challenge in a § 2241 habeas proceeding the manner in which the BOP is computing his federal sentence, see, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990), or the constitutionality of a BOP disciplinary action that resulted in the loss of good conduct sentencing credits, see, e.g., Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008). Petitioner did not raise this type of claim in his petition for a writ of habeas corpus.

The second type of claim is one that challenges BOP conduct that the prisoner contends "conflict[s] with express statements in the applicable sentencing judgment." Cardona, 681 F.3d at 536; McGee, 627 F.3d at 935-37; Woodall, 432 F.3d at 243. The prisoner must "allege that [the] BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment."

4

Cardona, 681 F.3d at 537; id. at 536 ("The petitions in Woodall and McGee both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment. That is, both petitions claimed that the BOP was not properly 'putting into effect' or 'carrying out' the directives of the sentencing judgment.") (internal quotations, altered text, and citations omitted). Petitioner did not raise this type of claim in his petition for a writ of habeas corpus.

In only very rare circumstances is it possible for a federal prisoner confined within the Third Circuit to attack the validity of his conviction in a § 2241 habeas petition. 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d at 248-52; Bruce, 868 F.3d at 178-80. That is because § 2255 expressly prohibits a court from entertaining in a § 2241 habeas petition the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings clause." See, e.g., Bruce, 868 F.3d at 174, 178-79.

In Bruce, the Court of Appeals set forth the two conditions a federal prisoner must satisfy to fall within § 2255's savings clause in order to utilize § 2241 to collaterally attack his judgment of conviction in the district of his confinement:

> First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"–in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013] (quoting Dorsainvil, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." Id. Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

Bruce, 868 F.3 at 180. None of the claims that Petitioner raised in his habeas petition satisfy the above-cited conditions.

5

**II.**

Because none of the claims that Petitioner raised his petition for a writ of habeas corpus are the type that he can litigate before this Court, which is his custodial court and not his sentencing court, the Court must dismiss the petition.[3] An appropriate Order follows.

Dated: February 25, 2019

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

---

[3] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).